**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10526 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00625-JMS-1 |
| v. | |
| BRANDON KAWIKA HINSEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 16, 2011[**]

Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

After denial of his motion to suppress, defendant/appellant Brandon Hinsey

entered into a conditional plea for possession of 50 grams or more

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He appeals the district court's ruling on his motion to suppress. We AFFIRM the district court.

A denial of a motion to suppress is reviewed *de novo*. *United States v. Lopez*, 474 F.3d 1208, 1212 (9th Cir. 2007). The factual findings of the district court underlying the decision are reviewed for clear error. *Id.*

Hinsey first appeals the constitutionality of the traffic stop. Law enforcement officers may stop a moving vehicle if they have probable cause to believe that a moving violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). In determining whether there is probable cause, we do not consider an officer's actual motivation for effectuating the stop. *See id.* at 811-13.

In this case, the officers had probable cause. Hawaii County Code § 24-37(b) requires all vehicles to have two red taillights that are visible from a distance of one thousand feet to the rear. The truck that Hinsey was riding in ("Hinsey's truck") was equipped with unusual after-market brake light fixtures that partially obstructed the emission of light. Officer Buyten, who had been a patrolman for nearly four years and was familiar with local and state traffic laws, believed that these taillights were not in compliance with Hawaii County law. He testified at the suppression hearing that "[w]hen the brake was depressed, you couldn't even see

the red light. The tint was drowning it out." At one point while officer Buyten and agent Hunt were trailing Hinsey's truck, agent Hunt had to slam on the brakes of his patrol truck to avoid hitting Hinsey's truck, indicating that Hinsey's truck's brake lights were not visible from the required one thousand feet. Hinsey urges us to hold that the officers' testimony is not credible. The district court found that "the testimony of each of [the] officers was consistent with one another and was corroborated by the evidence presented. Given these facts, as well as the court's own observations of each witness, the court finds their testimony credible." We do not believe the district court's finding is clear error.

Hinsey next challenges the officers' search of his backpack. "If a person has voluntarily abandoned property, he has no standing to complain of its search and seizure. Abandonment. . . rests. . . on whether the person so relinquished his interest in the property that he no longer retains a reasonable expectation of privacy in it at the time of search. The issue. . . is a factual one; abandonment is primarily a question of intent, and intent may be inferred from words, acts and other objective facts." *United States v. Cella*, 568 F.2d 1266, 1284 (9th Cir. 1977) (citations omitted). The district court found that "[t]he totality of the circumstances indicate that [Hinsey] abandoned the backpack." Both officer Buyten and agent Hunt asked Hinsey if the backpack belonged to him, and he told

3

both of them it did not.  Hinsey asks us to hold as a matter of law that abandonment requires both verbal and physical relinquishment, but that is not what our cases hold.  Abandonment is a question of intent; intent can be inferred from verbal relinquishment alone.  *See United States v. Decoud*, 456 F.3d 996, 1007 (9th Cir. 2006) (driver who "unequivocally disclaim[ed] ownership" of briefcase in car abandoned privacy interest in the briefcase).

For the foregoing reasons, we AFFIRM.

4